UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

MAY 2 6 2022

BY DEPUTY_____

IN THE MATTER OF
(1) J. ALAN KONECNY

              PLAINTIFFS,

vs.

(3) UNITIED STATES SMALL BUSINESS ADMINISTRATION
(4) ISABEL GUZMAN
(5) LORAINE BURTON
(6) UNITED STATES DEPARTMENT OF THE TREASURY
(7) JANET YELLEN

              DEFENDANTS.

CASE NO. 4:22-CV-445
JORDAN/NOWAK

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF CONCERNING THE CORONAVIRUS AID, RELIEF, AND ECONOMIC SECURITY ACT (CARES 2020) & THE CORONAVIRUS RESPONSE AND CONSOLIDATED APPROPRIATIONS ACT (2021) & FOR VIOLATION OF TITLE VI OF THE CIVIL RIGHTS ACT OF 1964 & FOR VIOLATION THE AMERICANS WITH DISABILITIES ACT OF 1990 & FOR VIOLATION OF ADMINISTRATIVE PROCEDURE ACT ("APA")**

COMES NOW, J. Alan Konecny and Brand Development Partners, Plaintiffs, in the above-styled and numbered Cause, and presents this Complaint against Defendants and for cause of same would state the following:

## INTRODUCTION

1. In the first quarter of 2020, the United States economy suffered its most severe contraction in more than a decade. As the threat of COVID 19 mushroomed into the country's gravest public health crisis in a century, businesses were forced to shutter.  Small-business owners faced a dire struggle for survival.

2. The cascading waves of closures and layoffs caused the national unemployment rate to soar to 14.7%, its highest peak since the Great Depression.  During the fallout, Congress stepped in to keep the economy on life support. The CARES Act was enacted on March 27, 2020. The Act, in part, created billions of dollars for small business programs for small businesses.

3. Congress established the Economic Injury **Disaster Loan** (EIDL) program through CARES Act and to help all businesses and other entities, including sole proprietorships and nonprofits, **to help small businesses to continue to pay their bills and business liabilities.**

    a. The CARES Act expressly provides that "any" business that satisfies the specified eligibility criteria relating to size "shall" be eligible for relief under the CARES Act 15 U.S.C. § 636(a)(36)(D).  AND, CFR Title 13, Chapter I, Part 134, Subpart A § 134.102 to also include:

        i. PART 112 - NONDISCRIMINATION IN FEDERALLY ASSISTED PROGRAMS OF SBA - EFFECTUATION OF TITLE VI OF THE CIVIL RIGHTS ACT OF 1964 Authority: Sec. 602, 78 Stat. 252 (42 U.S.C. 2000d-1)

    ii. PART 113 - NONDISCRIMINATION IN FINANCIAL ASSISTANCE PROGRAMS OF SBA - EFFECTUATION OF POLICIES OF FEDERAL GOVERNMENT AND SBA ADMINISTRATOR

    iii. PART 117 - NONDISCRIMINATION IN FEDERALLY ASSISTED PROGRAMS OR ACTIVITIES OF SBA - EFFECTUATION OF THE AGE DISCRIMINATION ACT OF 1975, AS AMENDED

    iv. PART 136 - ENFORCEMENT OF NONDISCRIMINATION ON THE BASIS OF HANDICAP IN PROGRAMS OR ACTIVITIES CONDUCTED BY THE SMALL BUSINESS ADMINISTRATION Authority:29 U.S.C. 794. Source: 53 FR 19760, May 31, 1988, *unless otherwise noted. Source: 30 FR 298, Jan. 9, 1965, unless otherwise* noted.

4. However, the Small Business Administration ("SBA"), the agency responsible for administering the programs, thereafter, created exclusions that bar a broad swath of small-business owners with negative credit reporting – negative credit reporting caused by the Pandemic and Government forced shutdowns, and negative credit reporting on Plaintiff's credit report caused by SBA'S SLOW, INCORRECT, RACIST, SEXIST, NON-RESPONSE AND SBA's VERIFIABLY BIASED DECISIONS FOR RELIEF DISTRIBUTION.

5. The SBA has continued to shift the terms of the credit-record exclusions through various, inconsistent policy documents. But throughout it all, the SBA has excluded eligible Small Businesses due to incorrect credit reporting and the absolute reluctance of SBA employees to read and apply the credit exclusion notes and provide relief as required by the CARES Act. The credit-record exclusions are inconsistent with the text and purpose of the CARES Act. They tell a sweeping

category of small-business owners across the country that, at a time of acute financial fragility, there is no relief for them.

6. The credit-record exclusions unlawfully and arbitrarily increase the already considerable barriers to economic success faced by the 1 in 3 working-age Americans with credit records affected by the pandemic and Government failures. Even in a booming economy, people with negative credit records experience unemployment at nearly five times the average rate. Defying the odds already stacked against them, many start their own small businesses because they are unable to obtain traditional employment, and in turn create jobs for other people with credit records who have historically been excluded from the workforce. In the current economic climate, these individuals and their communities face financial devastation.

7. The SBA's credit-record exclusions have also exacerbated the pandemic's disproportionate health and economic impacts on small business owners. The SBA's credit-record exclusions violate the Administrative Procedure Act ("APA") **[The Administrative Procedure Act (APA), Pub.L. 79–404, 60 Stat. 237, enacted June 11, 1946, is the United States federal statute that governs the way in which administrative agencies of the federal government of the United States may propose and establish regulations and grants U.S. federal courts oversight over all agency actions]** because they impose additional eligibility requirements for funds contrary to the CARES Act.

8. The credit-record exclusions also violate the APA because they are arbitrary and capricious. The SBA has repeatedly changed the scope of the credit-record exclusions without explanation or notice. These constant shifts and inconsistencies in criteria have altered the eligibility of business owners as the deadlines close, depriving them of the opportunity to apply for loans and all relief provided by the CARES Act.

9. This lawsuit asks the Court to declare unlawful and set aside Defendants' credit-record exclusions, and to enjoin the Defendants from continuing to bar SBA Economic Relief Loan applicants with pandemic-related-negative-credit-records from the critical federal aid that Congress promised.

## SUMMARY OF ACTION

10. This is a Federal Complaint against The United States Small Business Association ("SBA") and its senior officers, offending employees, contractors, representatives, and associates to recover for damages caused by Defendants' fraudulent financial discrimination schemes, race/age/sex discrimination, and improper handling of Plaintiff's financial records and refusal to properly process Plaintiff's applications for PANDEMIC RELEIF the U.S. Government was offering through the SBA for **ALL** U.S. SMALL BUSINESSES.

11. The Defendants violated The Coronavirus Aid, Relief, and Economic Security (CARES) Act (2020) and the Coronavirus Response and Consolidated Appropriations Act (2021).

12. These Defendants are liable pursuant to § federal venue statute, 28 U.S. Code § 1391 and 28 U.S. Code § 1369 - Multiparty, multi-forum jurisdiction and Civil Rights Act of 1964 § 7, 42 U.S.C. § 2000e et seq (1964) and 15 U.S. Code Chapter 116 - CORONAVIRUS ECONOMIC STABILIZATION (CARES ACT).

13. Plaintiff suffered palpable race, age, and sex discrimination by SBA, SBA staff, and SBA "PRIORITIES".

14. Defendants failed to train their new and existing employees / representatives Federal Discrimination Laws, Federal Cares Act Law (Cares Act), and Defendant's failed to train SBA employees, representatives, and contractors responsible communication standards for Disabled Veterans with real PTSD.

15. The acts giving rise to the violations are Federal Civil-Rights violations, Federal Cares Act violations, Federal Americans With Disabilities Act violations and these Defendants are liable pursuant to § federal

venue statute, 28 U.S. Code § 1391 and 28 USC Section 139 and 28 U.S. Code § 1369 and 42 U.S. Code § 1395 And Title VI of The Civil Rights Act of 1964 SEC. 601 and Title VI, 42 U.S.C. § 2000d.

16. Plaintiff continues to suffer from massive financial injuries completely related to Defendant's intentional mistreatment of Plaintiff. Plaintiff has been financially devastated by SBA's intentional mistreatment, racism, sexism, aggravated-denial-of-relief.

## JURISDICTION AND VENUE

17. Jurisdiction is proper in this Court under 28 U.S.C. § 1331. The Court has remedial authority pursuant to 28 U.S.C. § 1361, 28 U.S.C. § 2201, and 5 U.S.C. § 702. Venue is proper pursuant to 28 U.S.C. § 1391(e)(1)(B) because a substantial part of the events or omissions giving rise to the claim occurred in this District.

18. FEDERAL JURISDICTION exists pursuant to § federal venue statute, 28 U.S. Code § 1391 and 28 USC Section 139 and 28 U.S. Code § 1369 and Title VI of The Civil Rights Act of 1964 SEC. 601 and Title VI, 42 U.S.C. § 2000d.

19. The acts giving rise to the violations are Federal Civil Rights violations, Federal Americans With Disabilities Act violations and These Defendants are liable pursuant to § federal venue statute, 28 U.S. Code § 1391 and 28 USC Section 139 and 28 U.S. Code § 1369 and 42 U.S. Code § 1395 And Title VI of The Civil Rights Act of 1964 SEC. 601 and Title VI, 42 U.S.C. § 2000d.

20. The CARES Act expressly provides that "any" business that satisfies the specified eligibility criteria relating to size "shall" be eligible for relief under the CARES Act 15 U.S.C. § 636(a)(36)(D). AND, CFR Title 13, Chapter I, Part 134, Subpart A § 134.102 to also include:

    i. PART 112 - NONDISCRIMINATION IN FEDERALLY ASSISTED PROGRAMS OF SBA - EFFECTUATION OF TITLE VI OF THE CIVIL RIGHTS ACT OF 1964 Authority: Sec. 602, 78 Stat. 252 (42 U.S.C. 2000d-1)

    ii. PART 113 - NONDISCRIMINATION IN FINANCIAL ASSISTANCE PROGRAMS OF SBA - EFFECTUATION OF POLICIES OF FEDERAL GOVERNMENT AND SBA ADMINISTRATOR

    iii. PART 117 - NONDISCRIMINATION IN FEDERALLY ASSISTED PROGRAMS OR ACTIVITIES OF SBA - EFFECTUATION OF THE AGE DISCRIMINATION ACT OF 1975, AS AMENDED

    iv. PART 136 - ENFORCEMENT OF NONDISCRIMINATION ON THE BASIS OF HANDICAP IN PROGRAMS OR ACTIVITIES CONDUCTED BY THE SMALL BUSINESS ADMINISTRATION Authority:29 U.S.C. 794. Source: 53 FR 19760, May 31, 1988, unless otherwise noted. Source: 30 FR 298, Jan. 9, 1965, unless otherwise noted

21. The acts giving rise to the violations caused expense, legal fees, and actual loss of income AND LOSS OF PRIOR BUSINESS INVESTMENT AND RELATED CONTRACTS exceeding $2,597,825 before damages, pain, suffering, and the Federal Civil Violations and Federal Civil Rights violations are assessed and monetized.

## THE PARTIES

22. Plaintiff J ALAN KONECNY is a resident citizen of Gunnison, Gunnison County, Colorado and owns a U.S. business registered in Gunnison Colorado and is a victim of SBA unlawful mistreatment. Located 125 W Virginia Ave 265 Gunnison CO 81230 469-734-2453

23. Plaintiff BRAND DEVELOPMENT PARTNERS, LLC. Is a Colorado based LLC located 125 W Virginia Ave #265 Gunnison, Colorado 81230, Company Number: 20201333669, Status: Good-Standing. Brand Development Partners

moved from Texas to Colorado in 2020 due to corporate and judicial corruption and pending Federal Civil Actions pending IN TEXAS to address the corruption. BRAND DEVELOPMENT PARTNERS FORMED IN 2017, Plaintiff invested heavily in the consulting and manufacturing sides of the business prior to Covid lockdowns - including a Co-Pack manufacturing facility pre-covid investment which was forcibly stopped and ultimately destroyed by Covid US Government FORCED lock downs and related SBA denial of emergency relief.

24. Defendant UNITIED STATES SMALL BUSINESS ADMINISTRATION 409 3rd St., SW, Washington, DC, 20416

25. Defendant ISABEL GUZMAN in her official capacity as Administrator, U.S. Small Business Administration, 409 3rd St., SW, Washington, DC, 20416 isabel.guzman@sba.gov

26. Defendant LORAINE BURTON Paralegal Specialist Office of Disaster Assistance U.S. Small Business Administration (817) 868-2300 x86323 Loraine.Burton@sba.gov Fort Worth, Texas

27. Defendant UNITED STATES DEPARTMENT OF THE TREASURY 1500 Pennsylvania Ave., NW, Washington, DC, 20220

28. Defendant JANET YELLEN in her official capacity as Secretary, U.S. Department of the Treasury, 1500 Pennsylvania Ave., NW, Washington, DC, 20220

## BACKGROUND

29. Plaintiff J Alan Konecny is a resident citizen of Gunnison, Gunnison County, Colorado and owns a U.S. business registered in Colorado and was harmed by the SBA. www.linkedin.com/in/AlanKonecny Founder, CEO and www.BrandDevelopmentPartners.com - Brand Development Partners moved from Texas to Colorado in 2020 due to corporate and judicial corruption and pending Federal Civil Actions to address the corruption. Brand Development Partners formed in 2017. Plaintiff invested heavily in the consulting and manufacturing sides of the business prior to Covid lockdowns - including a Co-Pack manufacturing facility pre-covid

investment which was forcibly stopped and ultimately destroyed by Covid 19 and US Government lock downs and related SBA denial of emergency relief and denial of general relief as due by U.S. law cited herein.

30. Defendant's willful neglect of the Law has caused Plaintiff damages, pain, emotional distress, PTSD TRIGGERED PARTIAL BLINDNESS / BLURRED / DIMINISHED VISION and financial harm, AND NEGATIVE REPORTING ON HIS CREDIT REPORT.

31. Defendants made false and misleading statements to Plaintiff.

32. Defendants violated Plaintiff's Civil Rights, the Foundation of our Democracy.

## SCIENTER AND SCHEME ALLEGATIONS

33. Defendant(s) made false and misleading statements to Plaintiff.

34. Plaintiff was ridiculed and harassed by SBA staff and representatives.

35. Defendants refused and ignored Plaintiff's request for EMERGENCY RELIEF SINCE MARCH 2020, after Plaintiff survived a nearly fatal infection of SARv2-COVID19, an infection that became ACTIVE and PRESENTED on December 28, 2019 and was survived by January 15th 2020, when Plaintiff emerged victorious and immune from the virus – before the US Government declared their knowledge of the virus PUBLICALLY, and as the US Government was preparing to "let the virus pass through" the U.S. as SARv1 did. AS stated by the US President on or around March 2020, pre-lock downs.

36. Plaintiff and plaintiff's brand development business were first-wave-destroyed by SARv2COVID19, had negative impacts to credit, and suffered retracted income related to the pandemic before most others.

37. Plaintiff was then punished by the SBA under old, PRE-Pandemic SBA rules SBA case # 2000424611 - because of being first victim with no Government Solution available, and still suffers the same TODAY.

SBA has approved GRANTS AND HAVE FAILED REPEATEDLY OVER 7 MONTHS TO DEPOSIT THE APPROVED $8000 EIDL grant.

38. Plaintiff is now THE LAST VICTIM OF COVID19 SHUTDOWNS TO RECEIVE CONSIDERATION BY THE SBA – a clear violation of the CARES Act and all Acts cited herein. SBA has destroyed two Plaintiff's bank accounts at two separate bank brands, and now Plaintiff only has ONE BANK ACCOUNT REMAINING DUE TO THE IGNORANCE AND RACISM SUFFERED AT THE HANDS OF SBA AND SBA STAFF – SBA case number 3300498276.

## TITLE VI OF THE CIVIL RIGHTS ACT VIOLATIONS

39. Plaintiff was ridiculed and harassed by SBA staff.

40. Defendants failed to train their new employees Federal Discrimination Laws and Defendant's failed to train SBA employees / representatives responsible communication standards for Disabled Veterans with real PTSD. SBA employees and representatives harassed and blamed Plaintiff for the uncontrollable realities of SARv2COVID19.

41. Defendants discriminated against Plaintiff based on race, sex, and age of the Plaintiff in direct violation of Title VI of The Civil Rights Act of 1964.

## AMERICANS WITH DISABILITIES ACT VIOLATIONS

42. The Americans with Disabilities Act (ADA) is a federal civil rights law that prohibits discrimination against people with disabilities. Organizations that provide services to the public are covered by the ADA. The ADA requires that entities provide full and equal access for people with disabilities. This can be done through: "Reasonable Modifications of Policies, Practices, and Procedures. Adjusting policies, practices, and procedures, if needed, to provide goods, services, facilities, privileges, advantages, or

accommodations.  Effective Communication.  Making communication, in all forms, easily understood.  Accessible Facilities.

43. Government is covered under Title II of the ADA. Health care organizations run by private businesses or nonprofit organizations are covered under Title III of the ADA. All places covered by the ADA must provide access to their facilities and programs for people with disabilities.

44. *A person with a disability can be a person with a mobility or physical disability, <u>sensory (vision or hearing), intellectual, psychiatric, or other mental disability.</u>*

45. Plaintiff is a Disabled Veteran protected by the Americans with Disabilities Act protections and demands restitution for the abuse AND violations of the Americans with Disabilities Act BY THE SBA.

46. Defendants Failed to make Reasonable Modifications of Policies, Practices, and Procedures and failed to train SBA staff, contractors, on the American with Disabilities Act application and personal legal responsibility.

47. In 1990, finding that discrimination against individuals with disabilities persists, Congress passed the Americans Disabilities Act (ADA). Congress included the remedies provided in Title VII of the Civil Rights Act of 1964 (1964 CRA) to enforce the ADA.

## CLASS ACTION ALLEGATIONS

48. This is a class action on behalf of all persons denied disaster relief by the SBA, excluding Defendants and their families and affiliates (the "Class").  Class members are so numerous that joinder of them is impracticable.

49. Common questions of law and fact predominate and include whether Defendants (i) violated The Civil Rights Act Of 1964, (ii) violated CARES Act of 2020 (iii) omitted and/or misrepresented material facts; (iv) knew or recklessly disregarded that their actions were in violation of the law; and (v) the extent of and appropriate measure of damages.

50. Plaintiff's claims are typical of those of the Class. Prosecution of individual actions would create risk of inconsistent adjudications. Plaintiff will adequately protect the interest of the Class. A class is superior to other available methods for the fair and efficient adjudication of this controversy.

## FIRST CLAIM FOR RELIEF

### For Violation of Title Vi of The Civil Rights Act Of 1964 and CARES Act of 2020

### Against All Defendants

51. Plaintiff requires the remedies provided in Title VII of the Civil Rights Act of 1964 (1964 CRA) to compensate for the crimes by the Defendants outlined within.

52. Plaintiff incorporates by reference ¶¶ 1-50.

53. Defendants, with knowledge of or reckless disregard for the truth, disseminated or approved the false statements specified above, which were misleading in that they contained misrepresentations and failed to disclose material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading.

54. Defendants violated CARES Act of 2020 and

    i. Employed devices, schemes, and artifices to defraud.

    ii. Made untrue statements of material facts or omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    iii. Engaged in acts, practices and a course of business that operated as a fraud or deceit upon plaintiff in connection with EMERGENCY RELIEF SBA activity.

55. Plaintiff has suffered damages related to the policies and procedures conspired by the by SBA employees, representatives, contractors, and affiliates.

56. By reason of such wrongful conduct, the Individual Defendants and SBA are liable pursuant to CARES ACT as cited herein and as direct and proximate result of these defendants' wrongful conduct, Plaintiff suffered damages in connection with the improper behavior of the SBA.

57. Plaintiff prays for relief from the schemes and harassment outlined.

58. Plaintiff prays for swift relief as required by Federal Law.

59. Imposition of enforcement and sanctions are just and proper, Plaintiff requests that all Exhibits (EXHIBITS) be reviewed In Camera, Plaintiff incorporates by reference all attached, (EXHIBITS).

60. Plaintiff prays for such other relief to which Plaintiff may be justly entitled.

61. Damages which include pain, suffering, anguish, intentionally inflicted harm.

62. Exemplary Damages: The conduct committed by Defendant(s) against Plaintiff is the type of conduct evidencing actual malice on Defendant(s) part that allows the imposition of exemplary damages. Plaintiff additionally brings this suit for these damages, which exceed the minimum jurisdictional limits of State court.

63. Plaintiff prays that the citation and notice issue as required by law and that the Court grant injunctions, enforcement, sanctions, and all other relief requested in this petition.

64. Plaintiff prays that, on hearing, the Court enter a permanent injunction enjoining Defendant(s), in conformity with the allegations of this petition, from the acts set forth above.

65. Plaintiff prays for judgment against Defendants in the sum exceeding the minimum jurisdictional limits of this court for actual damages as alleged, for exemplary damages, for costs of court, loss-of-income and for general relief.

66. Plaintiff prays for fees, expenses, costs, loss of income and all legal fees.

67. Plaintiff prays for general relief and safety.

## SECOND CLAIM FOR RELIEF

### For Violation of The Americans with Disabilities Act Of 1990

### Against All Defendants

68. In 1990, finding that discrimination against individuals with disabilities persists in such critical areas as SMALL BUSINESS, Congress passed the Americans Disabilities Act (ADA). Congress included the remedies provided in Title VII of the Civil Rights Act of 1964 (1964 CRA) to enforce the ADA.

69. Plaintiff incorporates by reference ¶¶ 1-67.

70. Defendants, with knowledge of or reckless disregard for the truth, disseminated or approved the false statements specified above, which were misleading in that they contained misrepresentations and failed to disclose material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading.

71. Defendants violated CARES Act of 2020 and

    i. Employed devices, schemes, and artifices to defraud.

    ii. Made untrue statements of material facts or omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    iii. Engaged in acts, practices and a course of business that operated as a fraud or deceit upon plaintiff in connection with "EMERGENCY RELIEF" SBA activity.

72. Plaintiff has suffered damages related to the policies and procedures conspired by the by SBA employees, representatives, contractors, and affiliates.

73. By reason of such wrongful conduct, the Individual Defendants and SBA are liable pursuant to CARES ACT as cited herein and as direct and proximate result of these defendants' wrongful conduct, Plaintiff suffered damages in connection with the improper behavior of the SBA et al.

74. Plaintiff prays for relief from the schemes and harassment outlined.

75. Plaintiff prays for swift relief as required by Federal Law.

76. Imposition of enforcement and sanctions are just and proper, Plaintiff requests that all Exhibits (EXHIBITS) be reviewed In Camera, Plaintiff incorporates by reference all attached, (EXHIBITS).

77. Plaintiff prays for such other relief to which Plaintiff may be justly entitled.

78. Damages which include pain, suffering, anguish, intentionally inflicted harm.

79. Exemplary Damages: The conduct committed by Defendant(s) against Plaintiff is the type of conduct evidencing actual malice on Defendant(s) part that allows the imposition of exemplary damages. Plaintiff additionally brings this suit for these damages, which exceed the minimum jurisdictional limits of State court.

80. Plaintiff prays that the citation and notice issue as required by law and that the Court grant injunctions, enforcement, sanctions, and all other relief requested in this petition.

81. Plaintiff prays that, on hearing, the Court enter a permanent injunction enjoining Defendant(s), in conformity with the allegations of this petition, from the acts set forth above.

82. Plaintiff prays for judgment against Defendants in the sum exceeding the minimum jurisdictional limits of this court for actual damages as alleged, for exemplary damages, for costs of court, loss-of-income and for general relief.

83. Plaintiff prays for fees, expenses, costs, loss of income and all legal fees.

84. Plaintiff prays for general relief and safety.

## PRAYER

85. WHEREFORE, Plaintiff prays for judgement as follows: declaring this action to be proper action, awarding damages, including interest; and such relief as the Court may deem proper.

86. Plaintiff prays that the citation and notice issued as required by law and that the Court grant injunctions, enforcement, sanctions, and all other relief requested in this Petition.

87. Plaintiff prays that, on final hearing, the Court enter a permanent injunction enjoining Defendant(s)s, in conformity with the allegations of this petition, from the acts set forth above.

88. Plaintiff prays for judgment against all Defendant(s)s in the sum exceeding the minimum jurisdictional limits of this court for his actual damages as alleged, for exemplary damages, for loss of income, for loss of related assets, for costs of court, and for general relief and relief the Court may deem proper.

89. Plaintiff prays for attorney's fees, interest, expenses, and costs as requested.

90. The Court is requested to make all other and further orders that are pleaded for or that are deemed necessary for the complete safety and financial stability of the Plaintiff.

## JURY DEMAND

**91. Plaintiff demands a trial by jury.**

DATED: May 26, 2022
Respectfully Submitted,

J. Alan Konecny
125 W. Virginia Ave, Box 265
Gunnison, CO. 81230
Tel: 469-734-2453
alan@branddevelopmentpartners.com

By: /S/ J. Alan Konecny
J. Alan Konecny
Plaintiff
Pro Se

## Certificate of Service

I certify that a true copy of the above was served on each attorney of record or party in accordance with the Rules of Civil Procedure on May 26, 2022, by electronic service and/or email server and/or Federal Marshal and/or private service / and CERTIFIED US MAIL.

/S/ J. Alan Konecny
J. Alan Konecny
Plaintiff
Pro Se