**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| J. ALAN KONECNY, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 4:22-CV-00445-SDJ-CAN |
| v. | § | |
| | § | |
| UNITED STATES SMALL BUSINESS ADMINISTRATION, ET AL., | § | |
| | § | |
| | § | |
| Defendants. | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

On May 26, 2022, *pro se* Plaintiff J. Alan Konecny ("Plaintiff") initiated the instant action by the filing of his Complaint against Defendants [Dkt. 1]. On February 14, 2023, the Court granted Plaintiff *in forma pauperis* status and directed him to "prepare service of process" on Defendants within thirty days [Dkt. 12 at 2]. At that time, the Court cautioned Plaintiff that failure to comply with the Court's orders, including preparation of service of process on Defendants, may result in dismissal of this lawsuit [Dkt. 12 at 2]. Plaintiff did not prepare summons. On March 20, 2023, considering Plaintiff's *pro se* status, the Court *sua sponte* granted Plaintiff an additional fourteen days to prepare service, no later than April 3, 2023 [Dkt. 16]. The Court again warned Plaintiff: "<u>Failure to comply with this Order within the time prescribed will result in a recommendation for the dismissal of Plaintiff's case against Defendants without prejudice for failure to prosecute.</u>" [Dkt. 16 at 2]. To date, no summons have been issued. Plaintiff has already been provided an extension of the time to prepare summons, and more than 90 days have passed since the Court directed Plaintiff to effectuate service upon Defendants by way of preparing summons for service by United States Marshal. Plaintiff has not requested any further extension of time to prepare and submit summons to the Clerk of Court for each Defendant. *See* Eastern

District of Texas Local Rule CV-4(a), (d) ("the plaintiff must prepare and submit a summons to the clerk for each defendant to be served with a copy of the complaint. . . . The party requesting service is responsible for preparing all process forms to be supplied by the clerk.").

It is undisputed that "[b]efore a[] federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999). Service of process in a federal action is governed generally by Rule 4 of the Federal Rules of Civil Procedure. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

FED. R. CIV. P. 4(m). The intent of the rules for serving process is to give sufficient notice to a defendant of any actions filed against him or her. In this case, the 90-day time period within which Plaintiff was required to accomplish service of process has expired. Plaintiff has been twice warned about complying with the requirements of Rule 4, and the Court has given Plaintiff ample opportunity to complete service, specifically, to prepare summons for the issuance of process by the Clerk of Court and subsequent service by the USM [*See, e.g.*, Dkts. 12; 16]. Plaintiff has failed to request process be issued for Defendants, and the Court finds there is no good cause to extend the time to effectuate service. *See Dumas v. Ricks*, No. 5:20CV18, 2021 WL 11085882, at *2 (E.D. Tex. Jan. 5, 2021) (citing *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987)) ("While a plaintiff proceeding *in forma pauperis* is entitled to rely on service by the U.S. Marshal and should not be penalized for failure of the Marshal's Service to properly effect service of process where such failure is through no fault of the litigant, a plaintiff may not remain silent and do

nothing to effectuate service, or to aid the effecting of such service."), *report and recommendation adopted*, No. 5:20-CV-00018-RWS, 2021 WL 753123 (E.D. Tex. Feb. 26, 2021); *Barry v. Amerigas*, No. 1:20-CV-379, 2021 WL 4270948, at *1 (E.D. Tex. Aug. 19, 2021) (citing *Gartin v. Par Pharmaceutical Companies, Inc.*, 289 F. App'x 688, 694 (5th Cir. 2008)) ("Plaintiff has not shown that good cause exists excusing his failure to return properly prepared summons as ordered. This failure has in turn delayed the service of process. He is entitled to free service of process by the Marshals Service based on his *in forma pauperis* status, but he has delayed service in failing to respond as directed. Plaintiff has had ample time to provide the Clerk with the summons but has failed to do so. As a result, Plaintiff's complaint should be dismissed for failure to serve."), *report and recommendation adopted*, No. 1:20-CV-379-MAC, 2021 WL 4269874 (E.D. Tex. Sept. 17, 2021); *Ceaser v. United States*, No. 1:18-CV-560, 2019 WL 2112993, at *1 (E.D. Tex. Mar. 28, 2019) (recommending dismissal under Rule 4(m) for failing to serve or respond to the court's notice of impending dismissal), *report and recommendation adopted sub nom. Ceaser v. United States*, No. 1:18-CV-560, 2019 WL 2114026 (E.D. Tex. May 13, 2019). Without good cause, a further extension of time is not mandatory, and it is within this Court's discretion to dismiss the case. *See Thrasher v. City of Amarillo*, 709 F.3d 509, 511 (5th Cir. 2013). Because Plaintiff has taken no efforts to effectuate service on Defendants by preparing summons nor shown good cause for a further extension of time, the Court finds that this case should be dismissed without prejudice under Federal Rule of Civil Procedure 4(m). *See Zellmar v. Ricks*, No. 6:17CV386, 2021 WL 805154, at *3 (E.D. Tex. Feb. 2, 2021) (dismissing for failure to effect service of process under Rule 4(m) where the "[plaintiff] did not respond to an order directing him to request issuance of summons, despite having had at least three months in which to do so"), *report and*

*recommendation adopted sub nom. Zellmar v. Warden, Gurney Unit*, No. 6:17-CV-386-JDK-JDL, 2021 WL 796133 (E.D. Tex. Mar. 2, 2021).

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, the undersigned recommends that this case be **DISMISSED WITHOUT PREJUDICE** under Federal Rule of Civil Procedure 4(m).

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 6th day of June, 2023.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE

REPORT AND RECOMMENDATION – Page 4